**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY – TRENTON VICINAGE**

Michael Murphy (ID No. 017692003)
Toni Telles (ID. No. 03552009)
Murphy Law Group, LLC
8 Penn Center
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103

-------------------------------------------------------

| | |
|---|---|
| **JOHN NICHOLSON** : | |
| Plaintiff, : | |
| : | |
| : | Civil Case No.: _____ |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| : | |
| **CML NJ, LLC; SAVAS ALKOC,** : | |
| **As the Corporate Alter Ego of CML, NJ,** : | |
| **LLC, and JOHN DOES 1-5 AND 6 -10,** : | |
| : | |
| : | |
| : | |
| Defendant. : | |

-------------------------------------------------

Plaintiff, John Nicholson, residing in Freehold, New Jersey, by way of Complaint against the defendants, says:

**Preliminary Statement**

This matter is opened to the court under the New Jersey Wage and Hour Law ("WHL"), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. by discriminating against and ultimately terminating his employment in retaliation for engaging in protected activity under the New Jersey Earned Sick Leave Act, N.J.S.A. 34:11D-2 *et seq.* ("NJSLA") and under the common laws doctrine of wrongful discharge as held in *Pierce v. Ortho Pharmaceuticals, Inc*.

Specifically, Plaintiff contends that Defendants demoted—in that his working hours were substantially cut—and subsequently terminated him shortly after Defendant Alkoc believed Plaintiff's wife complained regarding Defendant CML NJ, LLC's failure to pay overtime

1

compensation and informed Defendants that she had contacted the Department of Labor regarding the same. Plaintiff brings this action under the NJSLA, FLSA and PMWA for monetary damages to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

2.      This action is authorized and initiated pursuant to the FLSA.

3.      This Court has original jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331, as it is an action arising under the laws of the United States.

4.      This Court has supplemental jurisdiction over the state law claims in this matter pursuant to 28 U.S.C. § 1367.

5.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the State of New Jersey, County of Middlesex.

## Identification of Parties

6.      Plaintiff John Nicholson is, at all relevant times herein, a resident of the State of New Jersey and was an employee of defendant.

7.      Defendant CML NJ, LLC is a franchise of Cousins Maine Lobster and is, at all relevant times herein, an entity conducting business in various locations throughout Freehold, New Jersey and was the employer of plaintiff.

8.      Defendant Savas Alkoc is the owner of CML NJ, LLC, is one of two principals of Defendant CML NJ, LLC and is closely identified with the affairs of CML NJ, LLC.

9. Defendant CML NJ, LLC is an "employer" and is covered by the FLSA, WHL and the NJSLA.

10. At all times relevant hereto, Plaintiff has been employed by Defendants and is entitled to the protections of the FLSA.

11. At all times relevant hereto, Defendants acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

12. Defendant Savas Alkoc, is the owner and corporate alter ego of CML NJ, LLC and is individually liable to plaintiff for the reasons set forth herein.

13. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

### General Allegations

14. Plaintiff began his employment with defendants in or around the summer, 2021.

15. Defendant employed plaintiff as a non-CDL driver and cashier and was exempt from neither New Jersey state or federal overtime laws.

16. At all relevant times herein, plaintiff performed up to or beyond the legitimate expectations of his employer.

17. Plaintiff was paid by the hour and was not a salaried employee.

18. When plaintiff was first hired, he was working, on average, sixty (60) hours per week.

19. From the beginning of plaintiff's employment, he was informed defendant provided both sick and vacation pay, but he would not pay overtime.

3

20.     From the beginning of plaintiff's employment there were issues in the manner in which defendants paid plaintiff.

21.     Plaintiff was not provided paystubs.

22.     Plaintiff was paid via direct deposit.

23.     Any "overtime," or hours worked over forty in a workweek, was paid on a separate company check, reflecting only "straight time," instead of the required one and one-half his regular hourly pay.

24.     Plaintiff was a non-exempt employee, pursuant to the Fair Labor Standards Act ("FLSA") and the WHL, thus he was entitled to time and half for all hours worked over forty (40) per week.

25.     In fact, "no employer shall employ any of his employees...for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at rate not less than one and one half times the regular rate at which he is employed." 29 U.S.C.A. §207(a)(1).

26.     Further, in or around February, 2023, plaintiff was ill and required to utilize sick time.

27.     Plaintiff had available earned sick leave prior to his request to utilize sick time.

28.     When he returned, and was speaking to Mr. Alkoc, plaintiff mentioned his upcoming vacation, to which Mr. Alkoc replied that he would no longer have enough vacation time, since he had utilized sick time.

29.     While plaintiff discussed the issue with Mr. Alkoc over the phone at his home, plaintiff's wife heard the conversation and interjected and said that Plaintiff should be earning 1 hour of sick time for every 40 hours worked.

4

30.     Mr. Alkoc, hearing her, sarcastically told Plaintiff he and his wife should sit down and have a cup of coffee and he would go over the laws with them.

31.     Plaintiff reasonably believed that defendant's pay practices, as described above, violated the law.

32.     Further, by inquiring about defendant's sick leave practices, plaintiff engaged in protected conduct under the New Jersey Earned Sick Leave Act.

33.     Indeed, N.J.S.A. 34:11D-4 provides, in pertinent part: "No employer shall take retaliatory personnel action or discriminate against an employee because the employee requests or uses earned sick leave either in accordance with this act or the employer's own earned sick leave policy[.]"

34.     Shortly after this, defendant's business was allegedly audited.

35.     Shortly after the audit, plaintiff's scheduled hours working for defendant went from approximately sixty (60) to less than twenty (20) per week.

36.     When plaintiff inquired as to why his hours were cut, Mr. Alkoc told him directly that his hour were cut because his wife complained to the department of labor.

37.     Plaintiff then informed Mr. Alkoc that he would have to file for partial unemployment.

38.     Mr. Alkoc stated that plaintiff was not entitled to unemployment, since he was not a full-time employee.

39.     Shortly after this, in approximately mid-July, Plaintiff was removed from defendant's schedule, amounting to a termination, in retaliation for his protected conduct and/or as a result of Defendants' belief that Plaintiff's wife complained to the Department of Labor, as stated above.

## COUNT I

<u>**New Jersey Wage and Hour Law (WHL)**</u>

40.     Plaintiff hereby repeats and realleges paragraphs 1 through 39, as though fully set forth herein.

41.     Defendants are liable to plaintiff for violations of the WHL, for failure to pay overtime wages.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant his the maximum relief allowed by law, including, but not limited to:

A.  Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.  Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

C.  Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D.  Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

F.  Pre-judgment interest in an appropriate amount;

G.  Such other and further relief as is just and equitable under the circumstances.


**COUNT II**

<u>**Fair Labor Standard Act**</u>

42.     Plaintiff hereby repeats and realleges paragraphs 1 through 47, as though fully set forth herein.

43.     Defendants are liable to plaintiff for violations of the FLSA.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a)     declaring that the acts and practices complained of herein are in violation of the FLSA;

(b)     declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c)     enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d)     directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e)     directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f)     awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(g)     granting such other and further relief as this Court deems necessary and proper.

## COUNT III

### New Jersey Earned Sick Leave Act ("NJSLA")

44.     Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

45.     N.J.S.A. 34:11D-4 provides:

No employer shall take retaliatory personnel action or discriminate against an employee because the employee requests or uses earned sick leave either in accordance with this act or the employer's own earned sick leave policy, as the case may be, or files a complaint with the commissioner alleging the employer's violation of any provision of this act, or informs any other person of their rights under this act. No employer shall count earned sick leave taken under this act as an absence that may result in the employee being subject to discipline, discharge, demotion, suspension, a loss or reduction of pay, or any other adverse action.

46.    Plaintiff engaged in "protected conduct" under the Act by utilizing protected sick leave time.

47.    Shortly thereafter, Defendant began retaliating against Plaintiff in the manner described above, reducing his hours and ultimately terminating him employment for reasons which are clearly pretextual.

48.    By reason of the foregoing, Defendant, through their agents, officers, servants, and/or employees have violated the NJSLA by discriminating against and discharging Plaintiff in retaliation for engaging in protected activity under the NJSLA.

49.    As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant his the maximum relief allowed by law, including, but not limited to:

A.  Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.  Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

8

C.  Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D.  Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

F.  Pre-judgment interest in an appropriate amount;

G.  Such other and further relief as is just and equitable under the circumstances.

## COUNT IV
### Wrongful Discharge in Violation of Public Policy –
### *Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58, 72 (1980)*

50.  Plaintiff hereby repeats and realleges paragraphs 1 through 49, as though fully set forth herein.

51.  Congress declared, in enacting the FLSA that:

[T]he existence, in industries engaged in commerce or in the production of goods for commerce, of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers

(1) causes commerce and the channels and instrumentalities of commerce to be used to spread and perpetuate such labor conditions among the workers of the several States;
(2) burdens commerce and the free flow of goods in commerce;
(3) constitutes an unfair method of competition in commerce;
(4) leads to labor disputes burdening and obstructing commerce and the free flow of goods in commerce; and
(5) interferes with the orderly and fair marketing of goods in commerce. That Congress further finds that the employment of persons in domestic service in households affects commerce.

(b) It is declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several States and with foreign nations, to correct and as rapidly as practicable to eliminate the conditions above referred to in such industries without substantially curtailing employment or earning power.

52.    Plaintiff was discharged for exercising rights under this policy.

53.    Plaintiff's discharge was in violation of public policy.

54.    As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B. Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

C. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

E. Pre-judgment interest in an appropriate amount;

F.   Such other and further relief as is just and equitable under the circumstances.

## COUNT V

### Corporate Alter Ego – Savas Alkoc

55.     Plaintiff repeats and realleges paragraphs 1 through 54 as though fully set forth herein.

56.     Defendant Alkoc is an owner and/or partner and/or principal of Defendant CML NJ, LLC and is closely identified with the affairs of Defendant CML NJ, LLC

57.     Defendant Alkoc exercises pervasive control over Defendant CML NJ, LLC.

58.     Defendant Alkoc, as an owner and/or partner and/or principal of Defendant CML NJ, LLC, acts with substantial disregard of the separate nature of Defendant CML NJ, LLC.

59.     Defendant Alkoc and Defendant CML NJ, LLC operate in such a way in that there exists serious ambiguity about the manner and capacity in which each of the Defendants are acting.

60.      Defendant CML NJ, LLC are thereby being used to defeat the ends of justice and perpetrate a fraud by remaining intact in their corporate form.

61.     Defendant Alkoc *and* Defendant CML NJ, LLC are responsible for damages to the Plaintiffs, jointly and/or severally, on the basis of *respondeat superior* and/ or on the basis of their own acts against the Plaintiffs.

62.     Defendant Alkoc is responsible for damages to the Plaintiffs, jointly and/or severally, as the corporate alter ego of Defendant CML NJ, LLC.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B. Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

C. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

F. Pre-judgment interest in an appropriate amount;

G. Such other and further relief as is just and equitable under the circumstances.

**MURPHY LAW GROUP, LLC**

By: */s/ Toni L. Telles*
Toni L. Telles

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any

and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**MURPHY LAW GROUP, LLC**

By: */s/ Toni L. Telles*
Toni L. Telles

## JURY DEMAND

Plaintiff hereby demand a trial by jury as to all issues so triable.

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**MURPHY LAW GROUP, LLC**

By: */s/ Toni L. Telles*
Toni L. Telles

## DESIGNATION OF TRIAL COUNSEL

Toni Telles, Esquire, of the law firm the Murphy Law Group, is hereby designated trial counsel.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

13

By:         */s/ Toni L. Telles*

Michael Murphy, Esquire
Toni L. Telles, Esquire
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
toni.telles@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: October 3, 2023