UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

<table>
<tr><td>

JOHN NICHOLSON

*Plaintiff,*

v.

CML NJ LLC, SAVAS ALKOC, as the
Corporate Alter Ego of CML NJ LLC and
JOHN DOES 1-5 and 6-10

*Defendants.*

</td><td>

**ANSWER
TO COMPLAINT WITH
AFFIRMATIVE DEFENSES**

2:23-cv-20859-GC-DEA

</td></tr>
</table>

Defendants CML NJ LLC and SAVAS ALKOC (hereinafter collectively referred to as "Defendants"), by way of Answer to the Complaint, states as follows:

## AS "TO PRELIMINARY STATEMENT"

The Preliminary Statement  asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in the Preliminary Statement of the Complaint.

## AS TO "JURISDICTION AND VENUE"

1.      Paragraph 1 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation in Paragraph 5 of the Complaint.

## AS TO "IDENTIFICATION OF PARTIES"

6.      Defendants deny knowledge and/or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations asserted in Paragraph 7 of the Complaint and leave Plaintiff to his proofs.

8.      Defendants deny the allegations asserted in Paragraph 8 of the Complaint and leave Plaintiff to his proofs.

9.      Paragraph 9 of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation in Paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations asserted in Paragraph 11 of the Complaint and leave Plaintiff to his proofs.

12.     Defendants deny the allegations asserted in Paragraph 12 of the Complaint and leave Plaintiff to his proofs.

13.    Paragraph 13 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 13 of the Complaint.

**AS TO "GENERAL ALLEGATIONS"**

14.    Defendants deny the allegations asserted in Paragraph 14 of the Complaint and leave Plaintiff to his proofs.

15.    Defendants deny the allegations asserted in Paragraph 15 of the Complaint and leave Plaintiff to his proofs.

16.    Defendants deny the allegations asserted in Paragraph 16 of the Complaint and leave Plaintiff to his proofs.

17.    Defendants deny the allegations asserted in Paragraph 17 of the Complaint and leave Plaintiff to his proofs.

18.    Defendants deny the allegations asserted in Paragraph 18 of the Complaint and leave Plaintiff to his proofs.

19.    Defendants deny the allegations asserted in Paragraph 19 of the Complaint and leave Plaintiff to his proofs.

20.    Defendants deny the allegations asserted in Paragraph 20 of the Complaint and leave Plaintiff to his proofs.

21.    Defendants deny the allegations asserted in Paragraph 21 of the Complaint and leave Plaintiff to his proofs.

22.    Defendants deny the allegations asserted in Paragraph 22 of the Complaint and leave Plaintiff to his proofs.

23.    Defendants deny the allegations asserted in Paragraph 23 of the Complaint and leave Plaintiff to his proofs.

24.     Paragraph 24 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 25 of the Complaint.

26.     Defendants deny all the allegations asserted in Paragraph 26 of the Complaint and leave Plaintiff to his proofs.

27.     Defendants deny all the allegations asserted in Paragraph 27 of the Complaint and leave Plaintiff to his proofs.

28.     Defendants deny all the allegations asserted in Paragraph 28 of the Complaint and leave Plaintiff to his proofs.

29.     Defendants deny all the allegations asserted in Paragraph 29 of the Complaint and leave Plaintiff to his proofs.

30.     Defendants deny all the allegations asserted in Paragraph 30 of the Complaint and leave Plaintiff to his proofs.

31.     Paragraph 31 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 33 of the Complaint.

34.    Defendants deny the allegations asserted in Paragraph 34 of the Complaint and leave Plaintiff to his proofs.

35.    Defendants deny the allegations asserted in Paragraph 35 of the Complaint and leave Plaintiff to his proofs.

36.    Defendants deny the allegations asserted in Paragraph 36 of the Complaint and leave Plaintiff to his proofs.

37.    Defendants deny the allegations asserted in Paragraph 37 of the Complaint and leave Plaintiff to his proofs.

38.    Defendants deny the allegations asserted in Paragraph 38 of the Complaint and leave Plaintiff to his proofs.

39.    Defendants deny the allegations asserted in Paragraph 39 of the Complaint and leave Plaintiff to his proofs.

<u>**AS TO "COUNT I"**</u>
**New Jersey Wage and Hour Law (WHL)**

40.    Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

41.    Paragraph 41 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 41 of the Complaint.

Wherefore, Defendants deny all of the allegations in the request for relief asserted in this paragraph, and its subparagraphs, and avers that Plaintiff is not entitled to any of the relief requested therein or any other relief.

<u>**AS TO "COUNT II"**</u>
**Fair Labor Standard Act**

42.    Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

43.     Paragraph 43 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 43 of the Complaint.

Wherefore, Defendants deny all of the allegations in the request for relief asserted in this paragraph, and its subparagraphs, and avers that Plaintiff is not entitled to any of the relief requested therein or any other relief.

## AS TO "COUNT III"
### New Jersey Earned Sick Leave Act ("NJSLA")

44.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

45.     Paragraph 45 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations asserted in Paragraph 47 of the Complaint and leave Plaintiff to his proofs.

48.     Paragraph 48 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 49 of the Complaint.

Wherefore, Defendants deny all of the allegations in the request for relief asserted in this paragraph, and its subparagraphs, and avers that Plaintiff is not entitled to any of the relief requested therein or any other relief.

## AS TO "COUNT IV"
### Wrongful Discharge in Violation of Public Policy -
### *Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58, 72 (1980)*

50.    Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

51.    Paragraph 51 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations asserted in Paragraph 52 of the Complaint and leave Plaintiff to his proofs.

53.    Paragraph 53 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 54 of the Complaint.

Wherefore, Defendants deny all of the allegations in the request for relief asserted in this paragraph, and its subparagraphs, and avers that Plaintiff is not entitled to any of the relief requested therein or any other relief.

## AS TO "COUNT V"
### Corporate Alter Ego – Savas Alkoc

55.    Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

56.    Defendants deny the allegations asserted in Paragraph 56 of the Complaint and leave Plaintiff to his proofs.

57.    Defendants deny the allegations asserted in Paragraph 57 of the Complaint and leave Plaintiff to his proofs.

58.    Defendants deny the allegations asserted in Paragraph 58 of the Complaint and leave Plaintiff to his proofs.

59.    Defendants deny the allegations asserted in Paragraph 59 of the Complaint and leave Plaintiff to his proofs.

60.    Paragraph 60 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 60 of the Complaint.

61.    Paragraph 61 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 61 of the Complaint.

62.    Paragraph 62 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 62 of the Complaint.

Wherefore, Defendants deny all of the allegations in the request for relief asserted in this paragraph, and its subparagraphs, and avers that Plaintiff is not entitled to any of the relief requested therein or any other relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

## FIRST AFFIRMATIVE DEFENSE

1.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of the applicable laws.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff is not entitled to any of the relief requested in the Complaint and Defendants acted in good faith at all times.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, delay, waiver, estoppel, acquiescence, and/or excuse.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred, in whole or in part, by misconduct on Plaintiff's part and/or unsatisfactory job performance.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims are barred, in whole or in part, by the failure to utilize internal procedures to seek redress of any complaints.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims are barred, in whole or in part, by the failure to mitigate damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel, accord and satisfaction, offset and/or setoff.

### NINTH AFFIRMATIVE DEFENSE

9.      Defendants are not "employers" under the FLSA or NJWHL.

### TENTH AFFIRMATIVE DEFENSE

10.     The Complaint is barred, in whole or in part, by misconduct on Plaintiff's part and/or unsatisfactory job performance.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     The Complaint is barred in whole or in part, based upon Plaintiff's fraudulent conduct concerning the alleged hours worked.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to, the Portal-to-Portal Pay Act, 29 U.S.C. Section 255.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims fail to set forth allegations with particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims, if any, were caused by his own actions and/or omissions.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's claims are barred as he has ratified the activities of the Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims fail to state a claim upon which compensatory, punitive, or liquidated damages may be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law(s) asserted herein were not willful but occurred in good faith and were based upon reasonable factors.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     An award of liquidated damages would be an unconstitutional denial of Defendants' rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims are barred, in whole or in part, because the work alleged to be unpaid is not compensable time under the applicable laws, including because it was preliminary, postliminary and/or *de minimis*.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are barred because the work alleged to be unpaid is invalid.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     If Defendants' alleged failure to pay Plaintiff overtime wages was unlawful, although such is not admitted, Defendants have a good faith and reasonable belief that the failure to pay such wages was not unlawful and none of Defendants' actions or omissions constitute a willful violation of the FLSA, NJWHL or NJWPL.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22**.**     If Defendants' alleged failure to pay Plaintiff overtime wages was unlawful, although such is not admitted, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff's claims are barred in whole or in part, by the doctrines of accord and satisfaction and payment.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff's claims are barred, in whole or in part, by his knowing and voluntary, express or implied, agreement to and participation in the compensation agreement(s), arrangement(s), plan(s), and/or scheme(s), which he now claims is illegal.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred, in whole or in part, because such claims have been released, waived, discharged and/or abandoned.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

11

26. Plaintiff's claims are barred, in whole or in part, as Plaintiff is exempt under the applicable statutes and regulations.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Defendants acted in good faith at all times and without fraud or malice toward Plaintiff.

## ADDITIONAL DEFENSES

Defendants reserve the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action, including without limitation any equitable defenses.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants, demand a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Michael K. Chong, Esq., is hereby designated as trial counsel on behalf of Defendants.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendants their costs, attorneys' fees and expenses, and grant such other relief as this Court deems proper.

Date: January 25, 2024                                Law Offices of Michael Chong, LLC

_s Michael K. Chong_

Michael K. Chong, Esq.
*Attorney for Defendants*

2 Executive Drive, Ste. 240
Fort Lee, NJ 07024
Ph#: (201) 947-5200
Fx#: (201) 708-6676

12

300 Hudson Street, Ste. 10
Hoboken, NJ 07030
Ph#: (201) 708-6675
Fx#: (201) 708-6676

32 East 57th Street 8th Fl.,
New York, NY 10022
Ph#: (212) 726-1104
Fx#: (212) 726-3104
MKC@mkclawgroup.com

13